IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Robert D. Wentz | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 3:09-cv-88 |
| vs. | ) | |
| | ) | |
| Don Redmann, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert D. Wentz ("Wentz") filed a motion to proceed *in forma pauperis* (IFP) (Doc. #1) which was previously granted by the court, and a petition for habeas relief under 28 U.S.C. § 2254 (Doc. #2). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). The court now considers the petition on initial review.

In his petition Wentz states that on September 23, 2004 he was convicted of promoting obscenity and sentenced to five years of imprisonment. He claims he is entitled to habeas relief because he completed his sentence, was wrongly stripped of his good-time credits, and was denied due process relating to the denial of his good-time credits. Wentz states he has a pending petition for habeas relief in the state court in which he raised his deprivation of good-time credits as grounds for relief. Wentz filed his state petition on August 11, 2009. He argues he should not have to exhaust his state remedies due to delay in the state court.

28 U.S.C. § 2254(b)(1) requires a petitioner to exhaust his state remedies before filing a writ of habeas corpus in federal court. The exhaustion doctrine applies not only to habeas challenges to judgment of conviction and sentences, but also when a prisoner seeks habeas relief

from a claim arising out of the administration of a prisoner's sentence, *e.g.*, challenges to deprivations of accumulated good-time credits. <u>Gentry v. Lansdown</u>, 175 F.3d 1082, 1083 (8th Cir. 1999). "Federal courts may deviate from the exhaustion requirement only where highly exceptional circumstances warrant prompt federal intervention." <u>Jones v. Solem</u>, 739 F.2d 329, 331 (8th Cir. 1984) (citations omitted). Delay in a state court alone is not sufficient to warrant federal intervention. <u>Id</u>. "Petitioners generally must also show the existence of some additional factor (for example, that 'state delay is a result of discrimination against the petitioner,' or that the state has been 'unnecessarily and intentionally dilatory')." <u>Id</u>. (citations omitted). Wentz has not alleged any additional facts warranting deviation from the exhaustion requirement. Therefore, it is **RECOMMENDED** that Wentz's petition for habeas relief under 28 U.S.C. § 2254 (Doc. #2) **BE DISMISSED** without prejudice.

Dated this 22nd day of October, 2009.

       /s/ *Karen K. Klein*
       Karen K. Klein
       United States Magistrate Judge

**Notice of Right to Object**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than November 10, 2009, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.