IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Robert D. Wentz,<br>　　　　　Petitioner,<br><br>　　　-vs-<br><br>Don Redmann,<br><br>　　　　　Respondent. | Case No. 3:09-cv-88<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING A CERTIFICATE OF APPEALABILITY** |

Robert D. Wentz has filed a petition for habeas relief under 28 U.S.C. § 2254 (Doc. #2). He also submitted a letter on November 24, 2009, indicating he is entitled to immediate release because he has completed his sentence (Doc. #6). The essence of his petition is that he believes he has completed his five-year sentence, that he has been wrongly deprived of "good time" credit, and he has been denied due process relating to the deprivation of "good time" credit.

Wentz was sentenced in Burleigh County District Court on September 23, 2004, to a five-year term of imprisonment for promoting obscenity to a minor. Previously, on April 19, 2002, Wentz was sentenced in Grand Forks County District Court to a five-year term of imprisonment with 42 months suspended for five years for indecent exposure. Thus, without the previous conviction, Wentz would be correct in his assertion that his five-year term of imprisonment expired on September 23, 2009. But, according to the North Dakota State Penitentiary, Wentz's suspended sentence was reinstated and he did not complete his sentence for the Grand Forks conviction until May 7, 2005. Burleigh County imposed a consecutive five-year sentence, which expires on May 7, 2010. Also according to the North Dakota State Penitentiary, because Wentz has refused sex offender treatment, he has not in the past and is not

1

currently receiving any "good time" credit.

The Court has received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that the petition be dismissed without prejudice for failure to exhaust state remedies (Doc. #4). Wentz filed objections to the Report and Recommendation, asserting the exhaustion doctrine does not apply, he has been prejudiced by the state court's inaction, that 28 U.S.C. § 1915A is unconstitutional because it only applies to prisoners, and that 28 U.S.C. § 2254(b)(1) is unconstitutional because it suspends "the privilege of the Writ of Habeas Corpus" (Doc. #5).

The Court has reviewed the Report and Recommendation, all of the pleadings in this case, and Wentz's objections. The Court also has inquired with the James River Correctional Center and the North Dakota State Penitentiary for additional information on Wentz's release status and has conducted a *de novo* review of Wentz's objections. The Court believes the matter is ripe for determination.

Wentz challenges the constitutionality of 28 U.S.C. § 1915A and 28 U.S.C. § 2254(b)(1) in response to the Magistrate Judge's Report and Recommendation. Wentz's objection seeks to amend his petition to add claims of "delay and prejudice by the state court because of petitioners [sic] status as [a] 'sexual offender'" (Doc. #5, p. 3), but does not seek leave to amend to challenge the constitutionality of 28 U.S.C. §§ 1915A and 2254(b)(1). Nevertheless, the Court will treat Wentz's objection, not only as objections to the Report and Recommendation, but also as a motion for leave to amend his petition to add the three additional claims. Th Court hereby grants Wentz leave to amend his petition to add the new claims. Even considering the new claims, however, the Court finds the Magistrate Judge's position is correct.

Wentz contends 28 U.S.C. §1915A violates due process and equal protection because it applies only to a particular class of citizens (prisoners). Section 1915A requires a court to review or "screen" a civil complaint filed by a prisoner against a governmental entity or officer or employee of a governmental entity, and dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Wentz does not articulate his due process claim other than to say he feels he is being treated differently because he is an inmate or perhaps a sex offender.

In order to allege a cognizable equal protection claim, Wentz must establish intentional or purposeful discrimination as well as violation of a fundamental right, membership in a protected class, or different treatment of similarly situated inmates. Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003). The Eighth Circuit has held that prisoners are not a protected class. Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998). Moreover, prisoners are not similarly situated to non-prisoners:

> [Prisoners] have their basic costs of living paid by the government. They often have free time on their hands that other litigants do not possesses. As a result, the federal courts have observed that prisoner litigation has assumed something of the nature of a 'recreational activity.'

Id. (citations omitted). Additionally, Wentz has not provided any evidence that he was treated differently than other similarly situated inmates. In fact, under the statute, all civil complaints filed by prisoners must undergo an initial review before the defendants must be served with a copy of the complaint. 28 U.S.C. §1915A. Wentz simply has not demonstrated he has been discriminated against, that is a member of a protected class, or that he has been subjected to disparate treatment.

Additionally, the pre-screening requirement does not deny access to the courts nor does it violate any fundamental rights. See Murray, 150 F.3d at 818 (filing fees for prisoners under the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915, do not implicate a fundamental right). This Court has carefully reviewed Wentz's allegations just as it would any other case. The Court cannot find any basis on which 28 U.S.C. § 1915A violates Wentz's right to due process or equal protection.

With regard to the exhaustion requirement, principles of comity and federalism underlie this longstanding requirement, which is now codified in §2254 federal habeas statute. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). The United States Supreme Court has explained that "[t]he purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). Thus, generally, before the federal courts are to consider a claim under 28 U.S.C. § 2254, a habeas petitioner is required to pursue all avenues of relief in the state courts. Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995). Exceptions, such as futility, Id., when a state's remedies are inadequate or unavailable, Cormack v. Settle-Beshears, 474 F.3d 528, 531 (8th Cir. 2007), or when special circumstances are present, Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995), may be invoked in the exceptional case. See also 28 U.S.C. § 2254(b)(1).

Wentz alleges his habeas corpus application has been pending in state court in excess of two months and, therefore, the state is "dilatory, delaying, and therefore suspending the privilege of the Writ of Habeas Corpus in violation of the Constitution." There is nothing in the record to

indicate the state has been unnecessarily and intentionally dilatory, that it would be futile to require Wentz to exhaust his remedies in state court, that Wentz's constitutional rights have been clearly violated, or that it would be unreasonable to require Wentz to exhaust his state remedies. Put another way, the Court can find no exception to justify excusal of the exhaustion requirement in this case, nor does it believe the exhaustion requirement violates Wentz's rights to due process or equal protection in this case.

Accordingly, the Court hereby adopts the Report and Recommendation in its entirety. For the reasons stated in the Report and Recommendation and for the additional reasons stated herein, Wentz's petition for habeas relief under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

Lastly, the Court hereby certifies that an appeal from the dismissal of this action would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Court specifically finds that Wentz has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability. If Wentz desires further review of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 2nd day of December, 2009.

>*/s/   Ralph R. Erickson*
>Ralph R. Erickson, Chief Judge
>United States District Court